902 F.2d 1564
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CAPITAL TOOL AND MANUFACTURING CO., INC., Plaintiff-Appellant,
v.
MASCHINENFABRIK HERKULES, HANS THOMA GMBH; Christoph Thoma;
Roy A Ridgeway; Herkules North America Corp.,
Defendants-Appellees.
 No. 88-2638.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 8, 1990.
Decided May 1, 1990.
Rehearing and Rehearing In Banc Denied June 14, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-87-191-R)
 Douglas Whitfield Davis, Hunton & Williams, Richmond, Va., (Argued) for appellant; William H. Wright, Jr., Hunton & Williams, Richmond, Va., Raymond R. Robrecht, Salem, Va., on brief.
 Roger Keith Rutledge, Rutledge & Rutledge, Memphis, Tenn., (argued) for appellees; Gerald A. Dechos, Gregory L. Lyons, Gardner, Moss & Rocovich, P.C., Roanoke, Va., on brief.
 W.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The appellant, Capital Tool and Manufacturing Co., Inc. (Capco), appeals from the denial of its motion for judgment notwithstanding the verdict and for a new trial following an adverse jury verdict in its trade secret case brought against Maschinenfabrik Herkules, Hans Thoma GmbH (Herkules); Herkules North America (HNA), Christoph Thoma (Thoma) and Roy A. Ridgeway (Ridgeway). In its complaint, Capco alleged that Herkules, HNA, Thoma (Herkules' chief executive officer) and Ridgeway (Capco's former chief engineer) had individually and collectively interfered with Capco's business and contracts through misappropriation of its trade secrets. The event that precipitated this dispute was Ridgeway's departure from the employ of Capco followed by his employment by Herkules. Ridgeway, as an engineer for Capco, was familiar with the design and manufacture of a roll grinder control unit, a product Capco developed and sold exclusively to Herkules. Capco alleges that Ridgeway was induced to leave Capco by Herkules, unlawfully taking with him his expertise in the roll grinder control unit and supplying Herkules with the information they needed to design and manufacture the unit to the exclusion of Capco.
 
 
 2
 The case was tried before a jury on Capco's claims for damages for misappropriation of trade secrets and/or confidential information, breach of contract, conspiracy and tortious interference. The jury found that Capco had a trade secret which was misappropriated by Ridgeway and Herkules; a finding that Capco does not now appeal. However, the jury awarded no damages for such misappropriation. The jury further found, through special verdict, that Herkules had not wrongfully canceled its orders with Capco and ordered Capco to reimburse Herkules $53,000 in monies advanced for future orders. Finally, the jury awarded Capco $105,000 in commissions.
 
 
 3
 Capco now alleges, inter alia, that the special verdicts of the jury were patently inconsistent and that the district court made various errors in its rulings to Capco's detriment. After careful consideration and review of the record, briefs, oral arguments, and the well reasoned opinion of the district court, we find that none of the legal contentions set forth by the appellant require reversal of the verdict rendered by the jury. Accordingly, we affirm based upon the opinion of the district court. Capitol Tool & Mfg. Co., Inc. v. Maschinenfabrik Herkules, CA-87-191-R (W.D.Va. Sept. 19, 1988).
 
 
 4
 AFFIRMED.